IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

RYAN GOMEZ,
FRPP ENTERPRISES, LLC,

      Plaintiffs,

v.                                   Case No. 1:24-cv-00525-MLG-SCY

CULLEN RAICHART,
GREENBROZ, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Plaintiffs FRPP Enterprises, LLC, and Ryan Gomez allege in their Original Complaint that Defendants Cullen Raichart ("Mr. Raichart") and Greenbroz, Inc., sold them a defective cannabis joint rolling machine known as the "Holy Roller." Doc. 1-1 at 10 ¶ 8 ("Original Complaint"). They claim entitlement to damages under various theories, including breach of contract, violations of the New Mexico Unfair Trade Practices Act, NMSA §§ 57-12-1 to 57-12-24 (1967, as amended through 2019), fraudulent misrepresentation, and breach of express and implied warranties. *Id.* at 13-16 ¶¶ 28-54. Plaintiffs alternatively allege that their contract with Mr. Raichart and Greenbroz should be "rescinded and set aside as a matter of equity," and that Plaintiffs should receive resulting damages. *Id.* at 16 ¶ 56; *see id.* ¶¶ 55-57.

Mr. Raichart filed a Motion to Dismiss ("MTD") seeking to extricate himself from this lawsuit. Doc. 8. Thereafter, Plaintiffs filed their Opposed Motion to Amend the Complaint ("Motion to Amend"), Doc. 21, which included their Proposed First Amended Complaint ("PFAC") as an exhibit. Doc. 21-1. In their PFAC, Plaintiffs add Defendant Sharon Raichart ("Ms. Raichart"), *id.* at 1 ¶ 5, and aim to cure any previous defects pertaining to Mr. Raichart by, inter

alia, specifically alleging that Mr. Raichart made certain promises, statements, and representations regarding the Holy Roller's capabilities. *Id.* at 3 ¶¶ 10-12, 14, 4 ¶ 19. Defendants oppose the request, arguing that "it is in bad faith" and that amendment "would be futile." Doc. 22 at 1.

For the reasons explained below, the Court denies as moot Mr. Raichart's MTD, Doc. 8, and grants in part Plaintiffs' Motion to Amend. Doc. 21. More specifically, Plaintiffs may amend their Original Complaint as such changes relate to Mr. Raichart, but Plaintiffs may not add Ms. Raichart as a defendant.

## DISCUSSION

There are no convincing reasons to deny Plaintiffs leave to amend their Original Complaint as it relates to Mr. Raichart. For example, Plaintiffs have not acted in bad faith or been improperly motivated, and the amendment will not result in undue delay or prejudice. *See U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). Additionally, Plaintiffs appear ready to better state their claims against Mr. Raichart. *See* Doc. 21-1 at 3-9. The putative claim against Ms. Raichart, however, is another matter. Plaintiffs' PFAC includes only a single sentence regarding Ms. Raichart, stating that "Defendant Sharon Raichart is an individual who resides in Clark County, Nevada." *Id.* at 1 ¶ 5. That lone allegation is insufficient to justify her being joined as a defendant, and so the Court denies Plaintiffs' request to add her as a party to this litigation.

## I.    The Court grants Plaintiffs leave to amend their Complaint.

The Court shall allow plaintiffs to amend their complaint when justice requires. Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "[D]istrict courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *Ritchie*, 558 F.3d at 1166 (alterations in original). The burden is on Defendants to show that Plaintiffs' proposed amendments are futile. *Mika v. Brisco*, No. CV 20-346, 2023 WL 2455965, at *1 (D.N.M. Mar. 10, 2023).

Plaintiffs may amend their Original Complaint as it pertains to Mr. Raichart. First, Plaintiffs' request is not raised in bad faith nor improperly motivated. It appears that Plaintiffs simply failed to cogently explain the bases for Mr. Raichart's liability, and they now seek to remedy that deficiency. *See* Doc. 14 at 1 (Plaintiffs acknowledge that Mr. Raichart fairly points out in his MTD that Plaintiffs did not do a good job delineating their claims against Mr. Raichart and Greenbroz). Second, the Court has not allowed Plaintiffs to previously amend. Third, considering that this litigation is in its nascent stages and that Defendants are free to move to dismiss after amendment, allowing Plaintiffs to amend will not unduly delay or prejudice Defendants. *See* Doc. 37 (showing that discovery is open until June 19, 2025, and motions relating to discovery do not need to be filed until July 20, 2025). Finally, Defendants do not meet their burden of proving that amendment related to Mr. Raichart would be futile. *See* Doc. 22 at 1-5 (Defendants focus on the futility of adding Ms. Raichart and do not meaningfully address amendment relating to Mr. Raichart).

Further, as referenced above, Plaintiffs' amendments aim to cure the Original Complaint's shortcomings that Mr. Raichart identified in his MTD, Doc. 8, and related reply brief. *See* Doc. 15. For example, Mr. Raichart criticizes Plaintiffs' Original Complaint for making just one allegation specific to him—that "Defendant Cullen Raichart is an individual who resides in Clark County, Nevada." Doc. 15 at 2 (citing Doc. 1-1 at 9 ¶ 4). Contrast that with Plaintiffs' PFAC, in

which they allege that Mr. Raichart makes specific promises, statements, and representations regarding the Holy Roller. Doc. 21-1 at 3 ¶¶ 10-12, 14, 4 ¶ 19.

**II.     Plaintiffs may not add Ms. Raichart as a defendant.**

Lastly, the Court refuses to allow Plaintiffs to add Ms. Raichart as a defendant. Plaintiffs make just one allegation specific to Ms. Raichart, that "Defendant Sharon Raichart is an individual who resides in Clark County, Nevada." Doc. 21-1 at 1 ¶ 5. With such scant reference to Ms. Raichart, Plaintiffs fail to assert a right to relief against her or show how a common question of law or fact will arise with respect to her. In other words, Plaintiffs do not show the Court that Ms. Raichart has anything to do with this lawsuit.

**CONCLUSION**

For the reasons stated above, the Court denies Mr. Raichart's Motion to Dismiss, Doc. 8, as moot and grants Plaintiffs' Opposed Motion to Amend the Complaint. Doc. 21. Plaintiffs must file an amended complaint as a stand-alone pleading within ten days of the entry of this Order.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA